UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-11610-SRM-DFM | Date: | November 19, 2026 |
| Title | Viet Quoc Tran v. Warden et al | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |
| **Proceedings:** | **(IN CHAMBERS) Order to Show Cause** |

On or about September 21, 2026, Petitioner Viet Quoc Tran, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On October 6, 2026, the Court ordered a response to the Petition. See Dkt. 5. On October 16, 2026, Respondent filed a Motion to Dismiss the Petition for failure to exhaust administrative remedies. See Dkt. 8. Petitioner has not filed an opposition.

In the Petition, Petitioner asserts that he was born in Vietnam in 1977, legally entered the United States in 1992, and obtained derivative United States citizenship from his father. See Petition at 6-7.

On November 19, 2021, Petitioner was sentenced in the Central District of California to 84 months' incarceration followed by five years of supervised release after he pleaded guilty to a violation of 21 U.S.C §§ 846, 841(a)(1), (b)(1)(A)(viii), Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine. See id. at 2; Dkt. 8 at 2 (record citations omitted).

With his Petition, Petitioner contends that he is a United States citizen and is being held without First Step Act good time days because of an "illegal" immigration detainer in his file. See Petition at 3-4. Petitioner contends that he should not be held beyond November 9, 2026, because of the immigration detainer. Id. at 4.

At the time of filing, Petitioner was a federal prisoner in custody at the Federal Correctional Institution I in Victorville, California ("FCI Victorville"); his projected release date was November 9, 2026. See id. at 1, 4, 8; Dkt. 8 at 3-4.

According to publicly available information from the Bureau of Prisons ("BOP"), Petitioner was released from BOP custody on November 10, 2026. See Federal Bureau of Prisons, Find an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Inmate (search by BOP Register Number: "13932-112"), https://www.bop.gov/inmateloc/ (last visited November 12, 2026). According to publicly available information from U.S. Immigration and Customs Enforcement ("ICE"), Petitioner is detained at the Adelanto ICE Processing Center. See U.S. Immigration and Customs Enforcement, Online Detainee Locator System (search by First Name: "Viet Quoc," Last Name: "Tran," Country of Birth: "Vietnam"), https://locator.ice.gov/odls/#/search (last visited November 12, 2026).

For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed as moot.

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters in the absence of a live case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). In the context of a habeas petition, the case or controversy requirement mandates a finding of mootness if the petitioner has received the relief requested in the petition or if the habeas court is unable to provide the petitioner with the relief sought. See Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citations omitted).

As noted above, available information suggests that Petitioner has been released from BOP custody, the custody challenged in the Petition.

**Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days of the date of this Order why the Petition should not be dismissed as moot.** Such dismissal would be without prejudice to Petitioner filing a new habeas petition challenging his civil immigration detention, to the extent Petitioner contends that any grounds for such a challenge exist. If Petitioner claims that this action is not moot, he must make clear what relief he seeks that has not already been provided regarding the custody challenged in the Petition. In lieu of a written response, the Court will construe the filing of either (i) a notice of voluntary dismissal; or (ii) an amended petition as sufficient to discharge this Order.

Additionally, if Petitioner is no longer in custody at FCI Victorville, he must also file a notice of change of address. Petitioner's failure to update his address or respond to this Order by the above deadline will result in a recommendation that this case be dismissed. See Local Rule 41-6.

The Clerk is directed to mail a copy of this order to the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, CA 92301, Attn: Viet Quoc Tran.